IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DONALD G. CARROLL, JR.,<br><br>    Plaintiff,<br><br>  v.<br><br>STATE OF ALASKA MEDICAL ACTION COMMITTEE BOARD MEMBER, et al.,<br><br>    Defendants. | Case No. 4:25-cv-00004-SLG |

## **SECOND SCREENING ORER**

On September 25, 2025, Plaintiff filed a Second Amended Complaint ("SAC").[1] The Court has now screened Plaintiff's SAC in accordance with 28 U.S.C. §§ 1915(e) and 1915A. Upon review, the SAC has many of the same deficiencies identified in the Court's Screening Order regarding the initial Complaint and in the Court's Notice of Intent to Dismiss.[2]

Plaintiff's SAC appear to seek to sue each of the members of the Medical Action [sic][3] Committee Board ("MAC") in their individual capacities. In Claim 1, he appears to seek damages for the delay in approving the genetic enzyme

---

[1] Docket 7. Although Plaintiff's filing at Docket 5 was dismissed as an improper amended complaint, the Court construed it as a First Amended Complaint for ease of reference.

[2] Dockets 3, 6.

[3] It appears that the correct name for the committee is the Medical Advisory Committee. See Docket 5-1 at 7.

therapy drug Cerdelga from July 19, 2023 until it was approved by the Chief Medical Officer on February 27, 2024.  The SAC contains no other claim.  Thus, it is unclear whether Plaintiff is also seeking damages for the denial of Cerdelga in January 2025 that he had referenced in his original complaint.[4]  Nor does he attach to his SAC the final administrative determination of the MAC that evidently denied him the Cerdelga when he returned to DOC custody in early 2025.

Liberally construing the SAC as asserting identical allegations against each MAC member, Plaintiff may be able to state a claim against each individual MAC member for denying his requests for a non-formulary prescription if the denial constitutes deliberate indifference to Plaintiff's serious medical needs.

The SAC has the following deficiencies:

The SAC does not identify each time frame(s) by date for which Plaintiff is seeking damages for the lack of Cerdelga.

The SAC does not attach the documentation from the MAC from January 2025, which denied Plaintiff's request for Cerdelga.

The SAC improperly contains several references back to Plaintiff's original complaint.  This Court has already informed Plaintiff twice that an amended complaint replaces the prior complaint in its entirety and that an "amended complaint must separately identify each defendant who he is alleging caused Plaintiff an injury, when that injury occurred, and what was the intentional decision

---

[4] See Docket 5-1 at 2-4.

Case No. 4:25-cv-00004-SLG, *Carroll v. Medical Action Committee Board Members 1-10*
Second Screening Order
Page 2 of 4
Case 4:25-cv-00004-SLG    Document 8    Filed 01/26/26    Page 2 of 4

of that defendant with respect to a denial of medical care that caused plaintiff's injury." Further, this Court has already twice instructed Plaintiff that he must "clearly identify the date(s) of each event and whether he was a convicted prisoner or pretrial detainee at that time."[5]

Although a "district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint,"[6] Plaintiff is accorded one final opportunity to file a Third Amended Complaint **within 30 days from the date of this order**. Plaintiff must attempt to correct the deficiencies identified in this order and in the Court's previous orders, which are enclosed. Alternatively, Plaintiff may file a notice of voluntary dismissal in which he elects to close this case.

**When an amended complaint is filed, the Court treats any previous complaint(s) as non-existent, so Plaintiff must not incorporate by reference any prior pleading or other previous filings.** Although Plaintiff may attach relevant documents to an amended complaint, he must include all relevant information in the body of the amended complaint itself and must include in the amended complaint specific citations to any attachments filed in support of his claims.

---

[5] Docket 3 at 16; Docket 6 at 2.

[6] *City of Los Angeles v. San Pedro Boat Works,* 635 F.3d 440, 454 (9th Cir. 2011) (quoting *Ascon Props., Inc. v. Mobil Oil Co.,* 866 F.2d 1149, 1160 (9th Cir.1989)). *See also Williams v. California,* 764 F.3d 1002, 1018-19 (9th Cir. 2014) ("The fact that Plaintiffs have already had two chances to articulate clear and lucid theories underlying their claims, and they failed to do so, demonstrates that amendment would be futile.").

IT IS THEREFORE ORDERED:

1. Plaintiff's Second Amended Complaint at **Docket 7 is DISMISSED for failure to state a claim.**

2. If Plaintiff does not file either a Third Amended Complaint or Notice of Voluntary Dismissal **within 30 days** from the date of this order, this case shall be dismissed as a "strike" without further notice to Plaintiff.

3. With this order, the Clerk is directed to send: (1) form PS01, with "THIRD AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; and (3) one copy of the Court's Screening Order at Docket 3; and (4) one copy of the Court's Notice at Docket 6.

DATED this 26th day of January, 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

Case No. 4:25-cv-00004-SLG, *Carroll v. Medical Action Committee Board Members 1-10*
Second Screening Order
Page 4 of 4
Case 4:25-cv-00004-SLG   Document 8   Filed 01/26/26   Page 4 of 4