**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| DONALD G. CARROLL, JR.,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF ALASKA MEDICAL ACTION COMMITTEE BOARD MEMBERS, *et al.,*<br><br>Defendants. | Case No. 4:25-cv-00004-SLG |

## ORDER OF DISMISSAL

On June 11, 2026, the Court screened the Third Amended Complaint filed in this case by self-represented prisoner Donald Carroll, Jr. ("Plaintiff"), found it deficient, but granted Plaintiff leave to file a Fourth Amended Complaint or a Notice of Voluntary Dismissal within 30 days of the date of that order.[1] To date, Plaintiff has not responded or otherwise contacted the Court.

## DISCUSSION

Rule 41(b) of Federal Rules of Civil Procedure permits dismissal due to a plaintiff's failure to prosecute or comply with a court order. In deciding whether to dismiss on this basis, a district court considers five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3)

[1] Docket 14.

the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."[2]

Here, the first two factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal.[3] Plaintiff's failure to respond within the specified timeline suggests Plaintiff does not intend to litigate this action diligently.[4] Further, a presumption of prejudice to a defendant arises when the plaintiff unreasonably delays prosecution of an action.[5] Because Plaintiff has not offered any justifiable reason for failing to meet the Court's deadline, the third factor also favors dismissal.[6] The fourth factor usually weighs against dismissal because public policy favors disposition on the merits.[7] "At the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines ... cannot move forward toward resolution on the merits."[8] The fifth factor is comprised of three subparts, which include "whether the

---

[2] *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

[3] *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants.").

[4] *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (noting that a plaintiff has the burden to move toward disposition at a reasonable pace and to refrain from dilatory and evasive tactics).

[5] *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[6] *See, e.g., Hernandez,* 138 F.3d at 401 (reiterating that the burden of production shifts to the defendant to show at least some actual prejudice only after the plaintiff has given a non-frivolous excuse for delay).

[7] *Pagtalunan*, 291 F.3d at 643.

[8] *In re Phenylpropanolamine Prod. Liab. Litig.,* 460 F.3d 1217, 1228 (9th Cir. 2006).

court has considered lesser sanctions, whether it tried them, and whether it warned the [uncooperative] party about the possibility of case-dispositive sanctions."[9] The Court's Order at Docket 14 accorded Plaintiff an opportunity to file a Third Amended Complaint and warned him of the potential dismissal of this action in the event of noncompliance.[10]

Based on the foregoing, this case must be dismissed for failure to prosecute. The dismissal shall be without prejudice.[11] The Court finds no other lesser sanction to be satisfactory or effective in this case.[12]

**IT IS THEREFORE ORDERED:**

1. This action is **DISMISSED without prejudice**.
2. All pending motions are **DENIED as moot.**
3. The Clerk of Court shall issue a final judgment and close this case.

DATED this 25th day of August, 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[9] *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills,* 482 F.3d 1091, 1096 (9th Cir. 2007) (internal citation omitted).

[10] *Ferdik v. Bonzelet,* 963 F.2d 1258, 1262 (9th Cir. 1992) ("A district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the consideration of alternatives requirement.") (citation and quotations omitted).

[11] *Id.*

[12] *See, e.g., Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (noting that a district court need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives) (internal citation omitted).